```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GARY HIPPS AND                              CIVIL ACTION
CHERYLLYNN HIPPS

VERSUS                                      NO: 06-9559


STATE FARM FIRE AND CASUALTY                SECTION: "J" (3)
CO., ET AL.
```

**ORDER**

Before the Court is plaintiffs' Motion to Remand. (Doc. 5.) The motion is opposed. For the following reasons the Court finds that the motion should be GRANTED.

Federal question jurisdiction does not exist. Plaintiffs' only claims related to flood insurance concern policy procurement and not policy administration under the NFIA. (Petition ¶¶ 29 & 30.) Plaintiffs' other claims concern denial of recovery under the homeowners insurance policy because of a determination that the damage was caused by flood. (Petition ¶ 16.) For the reasons stated in *Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp. 2d 531 (E.D. La. 2006) this case is not preempted by the NFIA.

1

Plaintiff's petition did not state the amount they are claiming in damages. Plaintiffs allege that their property was a total loss. (Petition ¶ 10.) Defendant alleges that plaintiffs' house was covered for $219,595 under the homeowners policy and that it has paid a total of $22,750.53. So $196,844.47 remains unpaid under the homeowners policy. The flood policy was allegedly worth $151,500 dollars. (Bryan aff. ¶ 13.) So $45,344.47 remains in controversy under the homeowners policy.

Following removal, plaintiffs have attempted to clarify their unclear petition by filing a stipulation that they are not claiming more than $75,000 and renouncing any recovery greater than that amount.[1] Defendant has failed to offer facts sufficient to prove that it is likely that the amount in controversy exceeds $75,000. Therefore jurisdiction cannot be based on diversity. *See* 28 U.S.C. § 1332(a).

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion to Remand (Doc. 5) is

---

[1] If plaintiffs are ultimately awarded an amount in excess of this by the state court, and then seek to enforce the judgment for more than $75,000.00, including attorney's fees but excluding costs and interest, defendants may then seek relief from judgment and sanctions against plaintiffs and their counsel from this Court. *Midkiff v. Hershey Chocolate U.S.A.*, No. Civ.A. 98-1137, 1998 WL 419498, at * 1 (E.D. La. July 21, 1998).

2

**GRANTED**; the above-captioned action is hereby **REMANDED** to the court from which it was removed.

New Orleans, Louisiana this the 18th day of January, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE